IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTHONY ALEXANDER BURNS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-018 |
| | ) | |
| AHMED HOLT, Warden, et. al, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, formerly incarcerated at Phillips State Prison in Buford, Georgia, brings the above-captioned case pursuant to 28 U.S.C. § 2254, and is proceeding *in forma pauperis* ("IFP"). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondents' motion to dismiss Respondents Shepard and Head as improper parties be **GRANTED**. (Doc. no. 14.)

## I.     BACKGROUND

On March 26, 1999, Petitioner pleaded guilty and was sentenced to five years imprisonment for statutory rape in the Superior Court of Richmond County.[1] (Doc. no. 15-1.) On December 16, 2010, Petitioner pleaded guilty and was sentenced to ten years

---

[1] Richmond County Web Docket, available at http://coc.augustaga.gov/webFormFrame.aspx?page=main (follow "Criminal Search" hyperlink; then search for "Burns, Anthony", then click on "1998RCCR01411" last visited September 16, 2016); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

probation for failing to register as a sex offender. (Doc. no. 15-2.) Petitioner did not file a direct appeal as to either conviction. On January 30, 2012, Petitioner filed his first state habeas petition challenging his conviction for failure to register as a sex offender in the Superior Court of Chatham County. (Doc. no. 15-3.) Petitioner's state habeas petition was transferred to the Superior Court of Richmond County, which denied relief on January 27, 2015. (Doc. no. 15-7.) On February 25, 2015, Petitioner filed an application for a certificate of probable cause to appeal the denial, which the Georgia Supreme Court denied on November 16, 2015,[2] and the Georgia Supreme Court issued the remittitur on December 16, 2015. (Doc. no. 15-8.)

Petitioner filed the instant § 2254 petition on January 25, 2016, in the Middle District of Georgia. (Doc. no. 1.) On February 10, 2016, U.S. District Judge Marc T. Treadwell transferred the case to this district because Petitioner was challenging his 2010 convictions in the Richmond County Superior Court. (Doc. no. 4.) In Petitioner's amended petition, he alleges his 2010 underlying conviction for failure to register was illegal and claims his counsel was ineffective for failing to recuse himself at his 2010 sentencing hearing. (See generally doc. no. 8, pp. 5-8.)

## II. DISCUSSION

Rule 2(a) of the Rules Governing § 2254 Cases provides that if the petitioner is "currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Petitioner was most recently confined at Phillips State Prison. However, Petitioner has been released from incarceration and it is unclear whether

---

[2] Supreme Court of Georgia Web Docket, available at http://www.gasupreme.us/docket-search/ (type "Burns" into the search by style, then click on "S15H0924" last visited September 16, 2016.

he is currently serving probation or parole.

Respondent Shepard, Warden of Augusta State Medical Prison, and Respondent Head, Warden of Riverbend Correctional Facility, do not have custody over Petitioner and should be dismissed as improper party respondents. (See doc. no. 14.) It also appears Respondent Holt is not the proper respondent. Potential respondents under Rule 2 include the Attorney General or the officer responsible for Petitioner's supervision on parole or probation. Accordingly the Court **DIRECTS** Respondent Holt to submit additional briefing regarding the appropriate respondent within the fourteen day period for filing objections to the Report and Recommendation.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondents' motion to dismiss Respondents Shepard and Head as improper parties be **GRANTED**, and Respondents Shepard and Head be **DISMISSED** from this case.

SO REPORTED and RECOMMENDED this 21st day of November, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA